IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:22-mj-314 |
| Plaintiff, | Magistrate Judge Caroline H. Gentry |
| vs. | |
| TYRONE JASON HARRIS, SR., | |
| Defendant. | |

## OPINION & ORDER

This case came before the Court on October 4, 2022 for a detention hearing held via GoToMeeting. During the hearing, counsel presented arguments in support of and in opposition to the Government's Motion for Pretrial Detention (Doc. No. 3). The Court granted the Motion at the conclusion of the hearing. This Opinion and Order sets forth the Court's reasons for granting the Government's request for pretrial detention and orders certain conditions for that detention.

I.  **LEGAL STANDARD**

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *U.S. v. Salerno*, 481 U.S. 739, 755 (1987). The Government may request pretrial detention in specific categories of cases. 18 U.S.C. § 3142(f)(1). The Government or the Court may move for pretrial detention if there is a serious risk that the defendant will flee. 18 U.S.C. § 3142(f)(2)(A). The Government or the Court may also move for pretrial detention if there is a serious risk that the defendant will either attempt

1

to or actually obstruct justice, or will attempt to or actually threaten, injure, or intimidate a prospective witness or juror. 18 U.S.C. § 3142(f)(2)(B).

Under the Bail Reform Act, the Court "***shall*** order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond … unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b) (emphasis added). The Government must prove the risk of flight by a preponderance of the evidence. *U.S. v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). The Government must prove dangerousness by clear and convincing evidence. 18 U.S.C. § 3142(f); *U.S. v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Clear and convincing evidence means "a firm belief or abiding conviction that what is alleged is highly probable." *U.S. v. Beard*, 528 F. Supp. 3d 764, 772 (N.D. Ohio 2021).

A rebuttable presumption of detention arises if the United States provides probable cause to believe that the defendant committed certain offenses (18 U.S.C. § 3142(e)(3)). If the defendant is charged with a complaint (rather than an indictment), then the Court must determine whether probable cause exists. A rebuttable presumption also arises if the defendant was previously convicted of an offense listed in 18 U.S.C. § 3142(f)(1), committed that prior offense while on pretrial release, and not more than five years have elapsed since the date of conviction or the defendant's release from imprisonment. 18 U.S.C. § 3142(e)(2). If a rebuttable presumption applies, then the defendant bears the burden of producing evidence "that he does not pose a danger to the community or a risk

2

of flight." *Stone*, 608 F.3d at 945 (internal quotations and citation omitted). This is not a heavy burden. *Id*. At all times, the Government bears the burden of persuasion. *Id*.

When deciding a motion for pretrial detention, the Court must consider the existence of any presumption, whether or not it has been rebutted. The Court must also consider available information concerning: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence of dangerousness (not guilt), *Stone*, 608 F.3d at 948; (3) the defendant's history and characteristics;[1] and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

## II.    ANALYSIS

For the reasons stated at the detention hearing and further described below, the Court finds that the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the Defendant's appearance at required court appearances if he is released. The Court further finds that the Government has met its burden of proving by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community if the Defendant is released.

---

[1] A person's history and characteristics includes, but is not limited to: "(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3).

### A. Rebuttable Presumption

The Court finds that no rebuttable presumption applies in this case. Therefore, this factor is neutral.

### B. Nature and Circumstances of the Offense

The Government has filed a Complaint, supported by an Affidavit, that charges Defendant with the crime of being a felon in possession of ammunition. This is a serious offense that poses a danger to the community. Moreover, the circumstances surrounding Defendant's arrest strongly suggest that he may be engaging in other illegal activities that create a danger to the public. Finally, Defendant attempted to flee when law enforcement officials approached him. Taken together, these facts weigh in favor of detention.

### C. Weight of Evidence of Dangerousness

There is substantial evidence that Defendant poses a serious risk of danger to the community. Defendant's lengthy criminal history includes convictions for extortion, aggravated robbery (deadly weapon), domestic violence, carrying concealed weapons, having weapons under disability, drug trafficking and other drug offenses. The evidence in the record regarding the danger that the Defendant poses to the community weighs in favor of detention.

### D. Defendant's History and Characteristics

Defendant has a stable residential history and significant ties to the community. He is currently attending graduate school through an online program. He does not have a passport. He is unemployed and has no assets. He has a history of substance abuse. He has been issued approximately three warrants for failing to appear at required court

appearances. He is facing a serious federal charge with the potential for a lengthy term of imprisonment. He has a lengthy criminal history that includes crimes of violence. Taken together, these facts weigh in favor of detention.

### E. Nature and Seriousness of Danger Posed to The Community

As a general matter, felonious possession of ammunition is an inherently serious offense that poses danger to the community. In this case, the nature and seriousness of the danger posed to the community is amplified by the factual statements contained in the Affidavit. This factor also weighs in favor of detention.

### III. CONCLUSION

After weighing all the relevant factors, the Court finds that no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure (1) the appearance of the Defendant as required by the Court and (2) the safety of other persons and the community. Therefore, the Government's motion to detain is **GRANTED**.

Accordingly, it is hereby **ORDERED** that:

1) The Defendant be committed to the custody of the Attorney General of the United States for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2) The Defendant be afforded reasonable opportunity for private consultation with counsel; and

3) On Order of a Court of the United States, or upon request of an attorney for the United States, the person in charge of the facility in which the Defendant is confined

deliver the Defendant to a United States Marshal or his deputy for the purpose of an appearance in connection with a court proceeding.

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

Defendants who appeal to a United States District Judge from this Order must, at the same time as filing the motion for reconsideration, order a transcript of the detention hearing. This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.4.

**IT IS SO ORDERED.**

                                         */s/ Caroline H. Gentry*
                                         Caroline H. Gentry
                                         United States Magistrate Judge